UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

**MICHAEL MCKENZIE, and**
**FOREMOST INSURANCE COMPANY**    CIVIL ACTION NO. _____
**GRAND RAPIDS, MICHIGAN**
    *Plaintiffs*

v.

**TWIN VEE POWERCATS, INC.**
    *Defendant*.

### COMPLAINT AND REQUEST FOR TRIAL BY JURY

COMES NOW, Plaintiffs, Michael McKenzie and Foremost Insurance Company Grand Rapids, Michigan as subrogee of Michael McKenzie ("Plaintiffs"), and file their Complaint against Defendant, Twin Vee Powercats, Inc., and would respectfully show the Court the following:

### I.   PARTIES

1. Plaintiff, Michael McKenzie ("McKenzie"), is an individual resident of the state of South Carolina.

2. Foremost Insurance Company Grand Rapids, Michigan ("Foremost") is an insurance company authorized to sell marine and hull insurance in the State of South Carolina. At all times material hereto, Foremost subscribed to a hull policy issued to McKenzie, against loss to the insured vessel. As a result of the payments issued thereunder, Foremost is legally and contractually subrogated to the interests of its insured to the extent of payments made to or on behalf of McKenzie.

3. Defendant, Twin Vee Powercats, Inc. ("TwinVee"), is a corporation that is incorporated under the laws of the State of Florida. TwinVee has its principal place of business in the State of Florida. TwinVee may be served with process by serving its registered agent,

**Joseph C. Visconti**
**3101 S. US Hwy 1**
**Fort Pierce, FL 34982**

*Issuance of summons is requested at this time.*

## II. JURISDICTION AND VENUE

4. Plaintiffs' claims arose in conjunction with the July 2, 2020 catastrophic failure and partial submersion of a recreational motor vessel while in operation approximately 25 miles off the coast of Cape Romain, South Carolina. Jurisdiction of this Court arises under Admiralty Jurisdiction pursuant to 28 U.S.C § 1333, and Rule 9(h) of the Federal Rules of Civil Procedure; diversity jurisdiction under 28 U.S.C. §1332(a)(1); pursuant to federal question jurisdiction under 28 U.S.C. 1331 and 15 U.S.C. 2310(d)(1)(B), commonly known as the Magnusson-Moss Warranty Act; and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

5. Venue is proper in this district under 28 U.S.C. §1391(b)(1) because TwinVee maintains its principal place of business within the Southern District of Florida.

## III. FACTS

6. McKenzie is an individual resident of the State of South Carolina.

7. In or about May 2020, Graver purchased a new 2019 26 SE Ocean Cat bearing Hull Identification Number TVG26463B19 (the "Boat").

8. The purchase price of the Boat was in excess of $162,000.00, including options, fees, taxes and finance charges.

9. Twin Vee manufactured and placed into the stream of commerce the aforementioned Boat, which McKenzie purchased.

10. At the time of McKenzie's purchase of the Boat, Twin Vee made representations as to the Boat's performance and quality and assured McKenzie that the Boat was free from defects.

11. Specifically, the Boat was purchased with an express warranty by Twin Vee providing in pertinent part:

> Twin Vee Powercats, Inc. warrants to the Original Retail Purchaser that the hull on every new boat manufactured shall, under normal authorized use, be free from structural defects. Twin Vee Powercats, Inc. or its selling dealer will, without charge, repair or replace at Twin Vee Powercats, Inc.'s option, any boat or portion thereof proven to its satisfaction to be in defect during the above warranty period.
>
> ***
>
> Twin Vee Powercats, Inc. warrants some small fiberglass parts of your boat for a period of 36 months or 300 hours, whichever comes first.

Based on information and belief the full text of the Twin Vee Limited Warranty is attached hereto as Exhibit "A".

12. Mckenzie was an experienced boat owner, and had previously owned other recreational motor vessels.

13. Upon information and belief, McKenzie maintained the Boat in full compliance with the Twin Vee instructions and maintenance manuals.

14. On or about July 2, 2022, the Boat had approximately 30 hours of operational time on the hull and engines. This was well within the Twin Vee limited lifetime hull warranty period, and the 3 year / 300 hour fiberglass parts warranty period, the Boat was being operated on its first offshore voyage off the coast of South Carolina.

15. The Boat was being operated pursuant to its intended design as an offshore recreational motor vessel in light seas and absent any inclement weather.

16. McKenzie along with his guests noticed the Boat was taking on water and the bilge discharge thru-hull fittings were below the water line. The guests were moved forward on the Boat, and the forward weight allowed the stern to be raised and the bilge pumps to de-water the hulls.

17. The trip from roughly 25 miles offshore took approximately 3.5 hours to reach the launch ramp, and the bilges continued to operate until the Boat was hauled out on the trailer and the batteries were fully discharged.

18. The water flooded the Boat's deck to a level of approximately 1-1/2" deep. Due to the amount of water that entered the Boat's hulls, water was reported to still be draining from the hulls the following day.

19. Following the partial submersion and haul out of the Boat, a survey of the damage and cause of loss was performed. During the survey/investigation, it was discovered the water ingress was due to a failed connection to the live bait well discharge fitting. There was no reported or observed damage to the surface of the subject live bait well discharge fitting. This condition allowed for an unmitigated flow of water into the hulls and the partial submersion of the Boat.

20. Upon information and belief, the failed connection to the drain fitting at issue in this litigation was due to an unsupported span between 2 sections of the hull that left portions unsupported and subject to strain under normal and expected flexing of the hull while under operation.

21. As a result of the submersion, the Boat was deemed a constructive total loss.

22. Demand was made on Twin Vee for warranty repair or replacement of the Boat prior to the filing of suit. Twin Vee wholly refused to honor its warranty.

23. Twin Vee was provided an opportunity to repair the defect and damage in the Boat, however Twin Vee has neglected, failed, refused, or was otherwise unable to repair the substantial defects and damage to the Boat within a reasonable amount of time.

24. Following this loss, McKenzie filed an insurance claim with his insurer, Foremost.

25. Pursuant to the terms of the policy issued to McKenzie, Foremost issued payment for the covered damages sustained as a result of this loss.

26. Having made payments to, or on behalf of its insured, Foremost stands in the shoes of McKenzie to the extent of said payments and asserts its subrogation rights in this lawsuit.

27. The defect in the live bait well discharge fitting and the damages sustained following its failure substantially impairs the use and value of the Boat and rendered the Boat unseaworthy. These defects resulted in the partial submersion of the Boat and a constructive total loss.

28. By their nature, Twin Vee's wrongful acts and the resulting damages can be objectively verified.

29. McKenzie would not have purchased the Boat had he known, prior to the time of purchase, that the discharge fitting or hull of the Boat would fail to withstand normal operating conditions and intended use as an offshore personal watercraft.

30. The defects in the Boat that were not discoverable prior to the purchase by McKenzie, and render the Boat unmerchantable as offshore personal watercraft as marketed and sold to McKenzie.

## IV. CAUSES OF ACTION

### *FIRST CAUSE OF ACTION*:
**Breach of Warranty pursuant to Magnuson-Moss Warranty Act, 15 U.S.C. §2302, et seq.**

31. For its first cause of action against Twin Vee, Plaintiffs re-plead, re-state and re-allege the previous paragraphs above as if set forth fully herein and would show the Court as follows:

32. Plaintiffs are a "consumer" as defined in 15 U.S.C. §2301(3).

33. Twin Vee is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4) and (5).

34. The Boat is a "consumer product" as defined in 15 U.S.C. § 2301(6).

35. Plaintiffs are entitled to bring suit against Twin Vee for damages and other legal relief for its failure to comply with its written and implied warranties pursuant to 15 U.S. 2310(d)(1).

36. 15 U.S.C. § 2304(a)(1) requires Twin Vee, as a warrantor, to remedy any defect, malfunction or nonconformance of the Boat within a reasonable time and without charge to the consumer.

37. Despite prior demand, Twin Vee has failed to remedy the Boat's defects which lead to its sinking and a constructive total loss of the Boat.

38. As a result of Twin Vee's breach of written and implied warranties, and Twin Vee's failure to remedy the same within a reasonable time and without charge to Plaintiffs, Plaintiffs have suffered damages in excess of the minimum jurisdictional limits of this Court and the Magnuson-Moss Warranty Act.

### *SECOND CAUSE OF ACTION*:
**Breach of Implied Warranty of Merchantability pursuant to Magnuson-Moss Warranty Act, 15 U.S.C. §2302, et seq. and Section 672.314 of the Florida Statutes**

39. For its second cause of action against Twin Vee, Plaintiffs re-plead, re-state and re-allege the previous paragraphs above as if set forth fully herein and would show the Court as follows:

40. Twin Vee is a merchant with respect to the Boat.

41. The Boat was subject to implied warranties of merchantability, as defined in 15 U.S.C. § 2308 and Section 672.314 of the Florida Uniform Commercial Code, running from Nautique to Plaintiffs.

42. An implied warranty that the Boat was merchantable arose by operation of law as part of the purchase of the Boat.

43. Twin Vee breached the implied warranty of merchantability in that the Boat was not in an merchantable condition when McKenzie purchased it, or any time thereafter, and the Boat is unfit for the ordinary purpose for which the Boat is used.

44. Plaintiffs notified Twin vee of the defects in the Boat within a reasonable time after said defects were discovered following the submersion of the Boat.

45. As a result of Twin Vee's breaches of the implied warranty of merchantability, Plaintiffs have suffered damages in excess of the minimum jurisdictional limits of this Court and the Magnuson-Moss Warranty Act.

### *THIRD CAUSE OF ACTION*:
**Breach of Express Warranty pursuant to Section 672.313 of the Florida Statutes**

46. For its third cause of action against Twin Vee, Plaintiffs re-plead, re-state and re-allege the previous paragraphs above as if set forth fully herein and would show the Court as follows:

47. In connection with the sale of the Boat to McKenzie, Twin Vee provided McKenzie with the Twin Vee Powercats Limited Warranty under which Twin Vee warranted the Boat would be free of defects for the lifetime of the hull, and as to fiberglass components, for a period of 3 years or 300 hours of operation after the date of delivery.

48. Plaintiffs relied on Twin Vee's warranties when the Boat was purchased and was a part of the basis of the bargain.

49. Plaintiffs submitted demand for warranty repair or replacement of the Boat following the sinking made the basis of this suit.

50. Twin Vee failed to comply with the terms of the express warranty provided with the Boat, by failing and/or refusing to repair or replace the Boat under the warranty described herein.

51. Plaintiffs have given Twin Vee opportunities to cure said defect, but Twin Vee has been unable and/or has refused to do so within a reasonable time.

52. As a result of Twin Vee's nonconformities with its warranties, Plaintiffs cannot reasonably rely on the Boat for the ordinary purpose of safe, seaworthy, comfortable, and efficient transportation and reasonable use as an offshore personal watercraft.

53. Plaintiffs could not have reasonably discovered said nonconformities with the Boat prior to McKenzie's acceptance of the Boat.

54. McKenzie would not have purchased the Boat, or would have paid significantly less for the Boat, had he known, prior to the time of purchase, that the Boat contained a defect in the hull and components that is the cause of the subject loss complained of herein.

55. As a direct and proximate result of the willful failure of Twin Vee to comply with its obligations under the express warranties, Plaintiffs have suffered damages in excess of the minimum jurisdictional limits of this Court.

### Conditions Precedent

56. All conditions precedent have been performed or have occurred.

57. Prior to filing this lawsuit, Plaintiffs presented their claim to Twin Vee, but Twin Vee refused to honor its obligations and denied the claim.

## V. JURY DEMAND

58. Plaintiff hereby requests a trial by jury.

## VI. DAMAGES

59. As a direct and proximate result of Twin Vee's conduct, McKenzie and Foremost have suffered the following damages:

   a. Property damage to the Boat;

   b. Loss of personal property;

   c. Costs of mitigation, salvage of the Boat following its partial submersion and storage of the Boat as evidence;

   d. Costs of survey following the constructive total loss;

   e. Attorney's fees; and

   f. Costs.

60. Plaintiffs' collective damages to date are in excess of $165,000.00, and continue to accrue.

61. Any limitation on remedies provided by Defendant has failed of its essential purpose.

## **PRAYER**

For these reasons, Plaintiffs ask for judgment against Twin Vee for the following:

(1) Money damages in the form of a refund of the full contract price, including trade-in allowance, taxes, fees, interest, and costs, or alternatively, the actual damages for the fair market value of the Boat on the date of the loss;

(2) Costs of mitigation, survey and storage of the Boat as evidence;

(3) Reasonable attorney's fees;

(4) Prejudgment and post-judgment interest;

(5) Costs of suit; and

(6) All other relief the Court deems appropriate and to which McKenzie and Foremost may be justly entitled.

Dated this 15th day of February 2023

Respectfully submitted,

**/s Randall J. Poelma, Jr.**
Randall J. Poelma, Jr.,
(*pro hac vice pending*)
DOYEN SEBESTA & POELMA, LLLP
rpoelma@ds-lawyers.com
16945 Northchase Drive, Suite 1400
Houston, TX 77060
713-580-8900 Main
713-580-8900 Facsimile
E-service: rjpgroup@ds-lawyers.com
Lead Counsel for Plaintiffs

**/s Andrew N. Mescolotto**
ANDREW N. MESCOLOTTO (28141)
FERTIG AND GRAMLING
200 Southeast 13th Street
Fort Lauderdale, FL 33316
PH:   (954) 763-5020
FX:   (954) 763-5412
E-Service: anm@fertig.com
Local Counsel for Plaintiffs